# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

May 14, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1559

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| v. | No. 03 CR 1200 |
| JACEK RADZISZEWSKI,<br>    *Defendant-Appellant*. | Wayne R. Andersen,<br>*Judge*. |

**O R D E R**

Counsel for Radziszewski and Radziszewski, acting pro se, filed petitions for rehearing on March 22, 2007 and March 30, 2007, alleging error in the district court's restitution calculation. In its answer to the petitions for rehearing, the United States concedes that the district court's restitution order should be vacated because it likely included attorney's fees—a consequential damage that should be excluded from restitution calculations. *See United States v. Shepard*, 269 F.3d 884, 887 (7th Cir. 2001); *United States v. Arvanitis*, 902 F.2d 489, 497 (7th Cir. 1990). In light of the government's concession, we amend the slip opinion issued in the above-entitled case on January 24, 2007, as follows:

On page 2, we replace the second line with the following: "Accordingly, we affirm Radziszewski's conviction, but remand for a redetermination of the restitution amount."

On page 10, we add the following footnote to the paragraph that currently ends with "was not clearly erroneous.":

> Although any error in the district court's actual loss calculation is harmless with respect to the defendant's sentence, the calculation's effect on the court's restitution order cannot be ignored. Consistent with its actual loss calculation, the district court ordered the defendant to make restitution in the amount of $115,979. As we have already stated, that figure included attorney's fees, which should not be incorporated into restitution calculations. *See United States v. Shepard*, 269 F.3d 884, 887 (7th Cir. 2001); *United States v. Arvanitis*, 902 F.2d 489, 497 (7th Cir. 1990). The government concedes that it was error to include attorney's fees in the restitution calculation and that we should vacate the district court's restitution order. We agree, and we therefore vacate the district court's restitution order, remand for a redetermination of restitution, and instruct the district court to omit attorney's fees from its new restitution calculation.

On page 12, we replace the final sentence of the opinion with the following: "For the reasons set forth above, we AFFIRM Radziszewski's conviction. Because, however, the district court's restitution amount included attorney's fees, we vacate the district court's restitution order of $115,979, and remand for a redetermination of the restitution amount."

The clerk is directed to issue a corrected judgment. In all other respects, the members of the original panel have voted to DENY the petitions for rehearing.

Accordingly, the petitions for rehearing are DENIED.